they had to be moved to look through those holes or whether they were hanging "loose" and not covering the holes. But in either event the lookout's view on each side was considerably impaired. Nor is it reasonable to believe that he could see in front as well as he could have seen but for the shelter. If, as the lookout testified, the holes there were covered with glass, the beating of the snow upon it would have somewhat blurred his sight straight ahead, and even if they were open the view was not the unobstructed one which is among the prime considerations behind the strict requirement of the maintenance of a bow lookout which the courts have imposed. A proper lookout must be in a position to see and hear as well as he can, The Buenos Aires, supra, and we are not prepared to believe that one so enclosed as this one was had such indispensable advantages. Nor can it reasonably be said that if his view had not been so obstructed he would not have seen the loom of the Adrastus soon enough to have given the Westinghouse time to avoid hitting her. Consequently we hold both vessels at fault.

Decree modified to hold each vessel for half damages.

E. J. Botts, Honolulu, T. H., Wayne M. Collins, San Francisco, Cal., for appellant.

Howard K. Hoddick, Acting U. S. Atty., Nat Richardson, Jr., Asst. U. S. Atty., Honolulu, T. H., Chauncey Tramutolo, U. S. Atty., San Francisco, Cal., for appellee.

Before MATHEWS, HEALY and ORR, Circuit Judges.

PER CURIAM.

Appellant, Ilene Charles, alias Arlene Charles, was charged by information with having violated 26 U.S.C.A. § 2550(a). She waived jury trial, was tried by the court without a jury and was found guilty. From a judgment sentencing her to pay a fine of $2500 and to be imprisoned for a year and a day she has appealed. The only question presented is whether the evidence warranted the finding of guilt. It did. Accordingly, the judgment is affirmed.

### CHARLES v. UNITED STATES.

No. 12843.

United States Court of Appeals,
Ninth Circuit.

July 23, 1951.

### CARTER OIL CO. v. McCASLAND et al.

No. 4210.

United States Court of Appeals
Tenth Circuit.

July 10, 1951.

Rehearing Denied Aug. 17, 1951.